# EXHIBIT 1 TO NOTICE OF REMOVAL

State Court Pleadings

SCOTTIE HARRIS,

    **Plaintiff**

vs.

    No.: 186555-2
    Notice of Entry Requested

INTERSTATE BLOOD BANK,
INC., d/b/a KNOXVILLE PLASMA,

    **Defendant.**

## AGREED ORDER

The Plaintiff and Defendant hereby agree that the Plaintiff may file its First Amended Complaint in order to add Count III as set forth in the Proposed Amended Complaint attached hereto as Exhibit "A".

The Defendant's consent to the filing of this First Amended Complaint shall not constitute an admission with regard to any of the allegations set forth in the First Amended Complaint.

Plaintiff shall have 14 days from the entry of this Order to file the First Amended Complaint in the same form as the amended complaint attached as Exhibit a to this Order.

IT IS SO **ORDERED**.

Enter this _____ day of _____, 2014.

    **CHANCELLOR DARYL R. FANSLER**

APPROVED FOR ENTRY:

_____
CELESTE H. HERBERT, BPR #009192
Attorney for Plaintiff
JONES, MEADOWS & WALL, PLLC
P.O. Box 377
Knoxville, Tennessee 37902-0377
(865) 540-8777


_____
GORDON HOWARD, BPR #026850  (by chh with permission)
Attorney for Defendant
LAWRENCE & RUSSELL, P.C.
5178 Wheelis Drive
Memphis, Tennessee 38117
(901) 844-4449

SCOTTIE HARRIS,
4805 Holston Drive
Knoxville, Tennessee 37914,

      **Plaintiff**

vs.                                                              No.: 186555-2
                                                                 JURY DEMANDED

INTERSTATE BLOOD BANK,
INC., d/b/a KNOXVILLE PLASMA
5700 Pleasant View Road
Memphis, Tennessee 38134-5028
SERVE Registered Agent: Larry Moss

      **Defendant.**

## PLAINTIFF'S FIRST AMENDED COMPLAINT

The Plaintiff, Scottie Harris, appears by and through counsel and for cause of action against the Defendant would show the Court as follows:

1. The Plaintiff, Scottie Harris, is a citizen and resident of Knox County, Tennessee.

2. The Defendant, Interstate Blood Bank, Inc. d/b/a Knoxville Plasma, is a corporation registered to do and doing business in the State of Tennessee. At all times herein relevant, the Defendant owned and operated Knoxville Plasma, a plasma donor center, located at 2820 Middlebrook Pike, Suite 112, Knoxville, Tennessee 37921. The Defendant can be served with process through its Registered Agent, Larry A. Moss, at 5700 Pleasant View Road, Memphis, Tennessee 38134-5028.

1

**EXHIBIT A**

3. The Plaintiff was employed at Knoxville Plasma on August 2, 2010, as an assistant manager. At all times herein relevant, the Plaintiff satisfactorily performed all of his duties and had never been disciplined for anything prior to April 22, 2013.

4. The Plaintiff worked at Knoxville Plasma through April 22, 2013 when he was wrongfully terminated in retaliation for the fact that he objected to a workplace "test" that was offensive, hostile and inappropriate and contrary to his religious beliefs.

5. At a mandatory staff meeting on April 9, 2013, the Defendant's manager, Candice Thompson, advised the entire staff that they would be taking part in a "Five Languages of Love Test", created by Dr. Gary Chapman, a Baptist minister. This test is a completely inappropriate and invasive test that was in no way designed to provide any insight to an employee's ability to perform the essential functions of his/her job. The "test" contained inappropriate questions about the employees' intimate relationships with their partners. There can be no legitimate business purpose or reason for this test to be required in the workplace. Copies of the male and female versions of this "test" are attached as collective Exhibit A.

6. Upon receipt of the copy of the test, the Plaintiff researched information about the author of this test, Dr. Gary Chapman, and discovered that he was a fundamental Baptist minister. Feeling that there was no legitimate business purpose for this test and recognizing that he did not share the religious beliefs of the author of the test, the Plaintiff raised concerns about the test. Although the Plaintiff raised concerns about the test, he was nevertheless advised on several occasions by his supervisor and another co-worker that he needed to take the test.

7. On April 10, 2013, the Plaintiff advised Candice Thompson, his manager, by email that after researching the test and the author's background, he chose not to participate

2

in this test because Dr. Chapman's religious beliefs conflicted with the Plaintiff's religious beliefs. See attached as Exhibit B the email sent by the Plaintiff.

8. Although Ms. Thompson responded that Plaintiff's request would not be a problem, she immediately advised a co-worker that the Plaintiff was "a problem in the office" and her attitude toward the Plaintiff became aggressive and hostile. Thompson quit speaking to him in the work place.

9. On April 22, 2013, the Plaintiff was advised to come to the manager's office so that he could "receive a reprimand".

10. Upon reporting to the manager's office, the Plaintiff was confronted with two written reprimands. These were the first reprimands or other disciplinary action that the Plaintiff had ever received during his employment at Knoxville Plasma. The Plaintiff signed the first reprimand under protest, but would not agree to sign the second reprimand until he was provided some additional information.

11. The Plaintiff's manager became very hostile and advised the Plaintiff that she would accept the Plaintiff's resignation. The Plaintiff told her that he was not resigning. He left the manager's office and immediately called the regional manager. After speaking to the regional manager, the Plaintiff returned to Thompson's office and signed the second reprimand under protest. The manager told the Plaintiff to leave the office and to not come back to work until she contacted him.

12. The next day the regional manager called the Plaintiff and advised him that he was being terminated because there was "too much water under the bridge."

13. The Plaintiff was subjected to a hostile work environment by virtue of being requested to complete a "test" that requested personal information about the Plaintiff's intimate relationships with his partner. This "test" was in no way related to the performance

3

of the Plaintiff's duties in the work place. The "test" asked offensive questions such as whether the Plaintiff "loved having sex with his partner".

14. When the Plaintiff raised concerns about the fact that his religious beliefs were not compatible with those of the author of this so called "Language of Love" test, and after he requested the very reasonable accommodation of not having to participate in this test due to his objections to the author's religious beliefs, the Plaintiff became the victim of retaliation. The manager's behavior toward the Plaintiff changed, and the manager began making negative and defamatory comments about the Plaintiff.

15. In further retaliation for the fact that the Plaintiff had voiced his objection to this "test" because of his religious beliefs, the manager created disciplinary actions against the Plaintiff about events that had happened earlier. These disciplinary actions were clearly pretextual.

16. Although the Plaintiff was told to leave work on April 22 and was told on April 23, 2013, that there was too much water under the bridge for him to come back to work, his separation notice stated falsely that the Plaintiff quit his job.

## COUNT I

17. The Plaintiff was illegally discriminated against and harassed by being required to work in a hostile work environment where materials that were inappropriate for the work place were not only distributed by the manager, but were required by the manager to be completed. The sexually inappropriate and offensive material being disseminated by the supervisor created a hostile sexual and religious work environment in violation of the Tennessee Human Rights Act, T.C.A.§4-21-401.

4

## COUNT II

18. The retaliation by the employer against the Plaintiff when he objected to the inappropriate "test" on religious grounds constituted illegal retaliation pursuant to Tennessee Human Rights Act, T.C.A. §4-21-301.

19. The illegal, retaliatory termination of the Plaintiff has caused the Plaintiff economic harm, both past and present, embarrassment and humiliation.

## COUNT III

20. Plaintiff repeats and incorporates by reference herein the allegations set forth in paragraphs one through 19 of the Complaint.

21. Plaintiff timely filed his charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about July 26, 2013.

22. The EEOC issued a Notice of Right to Sue on February 13, 2014.

23. Defendant's conducted as alleged herein violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), which makes unlawful discrimination against employees on the basis of religion. The term "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. §2000e(j).

24. Defendant discriminated against Plaintiff in violation of Title VII when he objected to the inappropriate "test" on religious grounds. Subsequently in violation of Title VII, Defendant retaliated against Plaintiff as a result of his complaint with regard to this "test."

25. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

5

26. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

PREMISES CONSIDERED, the Plaintiff respectfully ask this Court to award damages as follows:

1. Lost wages and benefits in the amount of $100,000.00.

2. Damages for embarrassment and humiliation in the amount of $100,000.00.

3. Costs of this cause, including reasonable attorney fees.

4. Such other relief to which the Plaintiff may be entitled.

5. A jury to try this case.

Respectfully submitted this _____ day of _____, 2014.


**SCOTTIE HARRIS**


_____
**CELESTE H. HERBERT, BPR #009192**
**Attorney for Plaintiff**

**JONES, MEADOWS & WALL, PLLC**
**P.O. Box 377**
**Knoxville, Tennessee 37901-0377**
**(865) 540-8777**

6

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Plaintiff's First Amended Complaint has been served upon counsel for the Defendant, Interstate Blood Bank, Inc., d/b/a Knoxville Plasma, by placing a copy in the United States mail, addressed to them, with sufficient postage thereon to carry the same to its destination.

> GORDON HOWARD, ESQ.
> Attorney for Defendant
> LAWRENCE & RUSSELL, P.C.
> 5178 Wheelis Drive
> Memphis, Tennessee 38117

This, the _____ day of _____, 2014.

**JONES, MEADOWS & WALL, PLLC**

_____
**CELESTE H. HERBERT**

7

IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

SCOTTIE HARRIS,
4805 Holston Drive
Knoxville, Tennessee 37914,

    **Plaintiff**

vs.

                 **No.: 186555-2**
                 **JURY DEMANDED**

**INTERSTATE BLOOD BANK,
INC., d/b/a KNOXVILLE PLASMA**
5700 Pleasant View Road
Memphis, Tennessee 38134-5028
SERVE Registered Agent: Larry Moss

    **Defendant.**

## PLAINTIFF'S FIRST AMENDED COMPLAINT

The Plaintiff, Scottie Harris, appears by and through counsel and for cause of action against the Defendant would show the Court as follows:

1. The Plaintiff, Scottie Harris, is a citizen and resident of Knox County, Tennessee.

2. The Defendant, Interstate Blood Bank, Inc. d/b/a Knoxville Plasma, is a corporation registered to do and doing business in the State of Tennessee. At all times herein relevant, the Defendant owned and operated Knoxville Plasma, a plasma donor center, located at 2820 Middlebrook Pike, Suite 112, Knoxville, Tennessee 37921. The Defendant can be served with process through its Registered Agent, Larry A. Moss, at 5700 Pleasant View Road, Memphis, Tennessee 38134-5028.

1

3. The Plaintiff was employed at Knoxville Plasma on August 2, 2010, as an assistant manager. At all times herein relevant, the Plaintiff satisfactorily performed all of his duties and had never been disciplined for anything prior to April 22, 2013.

4. The Plaintiff worked at Knoxville Plasma through April 22, 2013 when he was wrongfully terminated in retaliation for the fact that he objected to a workplace "test" that was offensive, hostile and inappropriate and contrary to his religious beliefs.

5. At a mandatory staff meeting on April 9, 2013, the Defendant's manager, Candice Thompson, advised the entire staff that they would be taking part in a "Five Languages of Love Test", created by Dr. Gary Chapman, a Baptist minister. This test is a completely inappropriate and invasive test that was in no way designed to provide any insight to an employee's ability to perform the essential functions of his/her job. The "test" contained inappropriate questions about the employees' intimate relationships with their partners. There can be no legitimate business purpose or reason for this test to be required in the workplace. Copies of the male and female versions of this "test" are attached as collective Exhibit A.

6. Upon receipt of the copy of the test, the Plaintiff researched information about the author of this test, Dr. Gary Chapman, and discovered that he was a fundamental Baptist minister. Feeling that there was no legitimate business purpose for this test and recognizing that he did not share the religious beliefs of the author of the test, the Plaintiff raised concerns about the test. Although the Plaintiff raised concerns about the test, he was nevertheless advised on several occasions by his supervisor and another co-worker that he needed to take the test.

7. On April 10, 2013, the Plaintiff advised Candice Thompson, his manager, by email that after researching the test and the author's background, he chose not to participate

2

in this test because Dr. Chapman's religious beliefs conflicted with the Plaintiff's religious beliefs. See attached as Exhibit B the email sent by the Plaintiff.

8. Although Ms. Thompson responded that Plaintiff's request would not be a problem, she immediately advised a co-worker that the Plaintiff was "a problem in the office" and her attitude toward the Plaintiff became aggressive and hostile. Thompson quit speaking to him in the work place.

9. On April 22, 2013, the Plaintiff was advised to come to the manager's office so that he could "receive a reprimand".

10. Upon reporting to the manager's office, the Plaintiff was confronted with two written reprimands. These were the first reprimands or other disciplinary action that the Plaintiff had ever received during his employment at Knoxville Plasma. The Plaintiff signed the first reprimand under protest, but would not agree to sign the second reprimand until he was provided some additional information.

11. The Plaintiff's manager became very hostile and advised the Plaintiff that she would accept the Plaintiff's resignation. The Plaintiff told her that he was not resigning. He left the manager's office and immediately called the regional manager. After speaking to the regional manager, the Plaintiff returned to Thompson's office and signed the second reprimand under protest. The manager told the Plaintiff to leave the office and to not come back to work until she contacted him.

12. The next day the regional manager called the Plaintiff and advised him that he was being terminated because there was "too much water under the bridge."

13. The Plaintiff was subjected to a hostile work environment by virtue of being requested to complete a "test" that requested personal information about the Plaintiff's intimate relationships with his partner. This "test" was in no way related to the performance

3

of the Plaintiff's duties in the work place. The "test" asked offensive questions such as whether the Plaintiff "loved having sex with his partner".

14. When the Plaintiff raised concerns about the fact that his religious beliefs were not compatible with those of the author of this so called "Language of Love" test, and after he requested the very reasonable accommodation of not having to participate in this test due to his objections to the author's religious beliefs, the Plaintiff became the victim of retaliation. The manager's behavior toward the Plaintiff changed, and the manager began making negative and defamatory comments about the Plaintiff.

15. In further retaliation for the fact that the Plaintiff had voiced his objection to this "test" because of his religious beliefs, the manager created disciplinary actions against the Plaintiff about events that had happened earlier. These disciplinary actions were clearly pretextual.

16. Although the Plaintiff was told to leave work on April 22 and was told on April 23, 2013, that there was too much water under the bridge for him to come back to work, his separation notice stated falsely that the Plaintiff quit his job.

## **COUNT I**

17. The Plaintiff was illegally discriminated against and harassed by being required to work in a hostile work environment where materials that were inappropriate for the work place were not only distributed by the manager, but were required by the manager to be completed. The sexually inappropriate and offensive material being disseminated by the supervisor created a hostile sexual and religious work environment in violation of the Tennessee Human Rights Act, T.C.A.§4-21-401.

4

## COUNT II

18. The retaliation by the employer against the Plaintiff when he objected to the inappropriate "test" on religious grounds constituted illegal retaliation pursuant to Tennessee Human Rights Act, T.C.A. §4-21-301.

19. The illegal, retaliatory termination of the Plaintiff has caused the Plaintiff economic harm, both past and present, embarrassment and humiliation.

## COUNT III

20. Plaintiff repeats and incorporates by reference herein the allegations set forth in paragraphs one through 19 of the Complaint.

21. Plaintiff timely filed his charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about July 26, 2013.

22. The EEOC issued a Notice of Right to Sue on February 13, 2014.

23. Defendant's conducted as alleged herein violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), which makes unlawful discrimination against employees on the basis of religion. The term "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. §2000e(j).

24. Defendant discriminated against Plaintiff in violation of Title VII when he objected to the inappropriate "test" on religious grounds. Subsequently in violation of Title VII, Defendant retaliated against Plaintiff as a result of his complaint with regard to this "test."

25. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

26. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

PREMISES CONSIDERED, the Plaintiff respectfully ask this Court to award damages as follows:

1. Lost wages and benefits in the amount of $100,000.00.

2. Damages for embarrassment and humiliation in the amount of $100,000.00.

3. Costs of this cause, including reasonable attorney fees.

4. Such other relief to which the Plaintiff may be entitled.

5. A jury to try this case.

Respectfully submitted this 28th day of April, 2014.

**SCOTTIE HARRIS**

_____
**CELESTE H. HERBERT, BPR #009192**
**Attorney for Plaintiff**

**JONES, MEADOWS & WALL, PLLC**
**P.O. Box 377**
**Knoxville, Tennessee 37901-0377**
**(865) 540-8777**

6

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Plaintiff's First Amended Complaint has been served upon counsel for the Defendant, Interstate Blood Bank, Inc., d/b/a Knoxville Plasma, by placing a copy in the United States mail, addressed to them, with sufficient postage thereon to carry the same to its destination.

GORDON HOWARD, ESQ.
Attorney for Defendant
LAWRENCE & RUSSELL, P.C.
5178 Wheelis Drive
Memphis, Tennessee 38117

This, the 28th day of April, 2014.

**JONES, MEADOWS & WALL, PLLC**

*Celeste H. Herbert*
**CELESTE H. HERBERT**

7

# IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

**SCOTTIE HARRIS,**

    **Plaintiff**

**vs.**

**INTERSTATE BLOOD BANK, INC., d/b/a KNOXVILLE PLASMA,**

    **Defendant.**

**No.: 186555-2**
**Notice of Entry Requested**

## AGREED ORDER REGARDING SUBSTITUTION OF PARTY

The parties hereto announce their agreement to the Court as follows:

1. The Plaintiff has filed an original Complaint and an Amended Complaint naming as the Defendant in this case Interstate Blood Bank, Inc., d/b/a Knoxville Plasma.

2. As set forth in the Answer of the Defendant, the correct name of the Defendant is Bio Blood Components, Inc. d/b/a Knoxville Plasma.

3. The parties agree that Bio Blood Components, Inc. d/b/a Knoxville Plasma shall be substituted as the party Defendant and the style of the case is hereby amended and corrected to reflect Bio Blood Components, Inc. d/b/a Knoxville Plasma as the correct Defendant.

Thus, the caption in this case shall henceforth be read as *Scottie Harris v. Bio Blood Components, Inc. d/b/a Knoxville Plasma*.

IT IS SO **ORDERED.**

Enter this _____ day of _____, 2014.

_____
**CHANCELLOR DARYL R. FANSLER**

**APPROVED FOR ENTRY:**

*[signature: Celeste H Herbert]*
_____
**CELESTE H. HERBERT, BPR #009192**
**Attorney for Plaintiff**
**JONES, MEADOWS & WALL, PLLC**
**P.O. Box 377**
**Knoxville, Tennessee 37902-0377**
**(865) 540-8777**

*[signature: Gordon Howard (by chh with permission)]*
_____
**GORDON HOWARD, BPR #026850**
**Attorney for Defendant**
**LAWRENCE & RUSSELL, P.C.**
**5178 Wheelis Drive**
**Memphis, Tennessee 38117**
**(901) 844-4449**